ORANGE SAVINGS BANK, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ALFRED C. TODD AND DOROTHY M. TODD, HIS WIFE, AND THE GREATER MORTGAGE COMPANY, A CORPORATION, DEFENDANTS, AND SEARS, ROEBUCK AND COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.

Argued January 10, 1967—Decided February 6, 1967.

Mr. *John R. Murray* argued the cause for appellant (*Mr. Thomas P. Kelly*, on the brief).

Mr. *Sheldon H. Pressler* argued the cause for respondent (*Messrs. Pressler & Pressler*, attorneys).

Mr. *Arthur L. Abrams,* attorney for New Jersey Land Title Insurance Association, argued the cause *amicus curiae.*

PER CURIAM. The plaintiff Orange Savings Bank is the holder of a first mortgage dated April 17, 1963 on premises owned by the Todds. On February 29, 1964 a second mortgage was executed by the Todds and is held by The Greater Mortgage Company. On June 1, 1964 Sears, Roebuck and Company filed a Financing Statement covering a "complete kitchen, stove and cabinets" installed by it in the mortgaged premises on order from the Todds who executed a Security Agreement in its favor. Sears asserts that its security interest in the kitchen, stove and cabinets attached before affixation though admittedly subsequent to the mortgages.

The Todds defaulted and on October 19, 1965 the plaintiff filed its foreclosure action naming, in addition to the Todds, the second mortgagee and Sears as parties. No answering pleadings were filed except by Sears which filed an answer and counterclaim asserting that under *N. J. S. A.* 12A:9–313 it is entitled to priority over the plaintiff and The Greater Mortgage Company in the funds realized on foreclosure. The plaintiff moved to strike the Sears' answer and counterclaim to the extent that it asserted priority, but its motion was denied. Upon leave granted, the plaintiff appealed to the Appellate Division and we certified before argument there. Although the briefs before us, including a brief *amicus curiae,* raise interesting and important questions under the secured transactions provisions of the Uniform Commercial Code (*N. J. S. A.* 12A:9–101 *et seq.*), we find no present occasion to deal with any of them in view of the positions now taken by the parties.

At oral argument the plaintiff stated that all it wanted was permission to foreclose its mortgage, subject to the security rights of Sears in the kitchen, stove and cabinets. On hearing that, Sears stated that it recognizes fully the plaintiff's priority and its right to foreclose in such manner. Both parties expressed agreement that Sears should be omitted as a

party to the proceeding, its answer and counterclaim should be withdrawn, and the foreclosure should be permitted to proceed in regular course, without prejudice to Sears' security rights in the kitchen, stove and cabinets. To that end the order appealed from will be reversed and the cause remanded to the Superior Court, Chancery Division, Hunterdon County.

Reversed and Remanded. No costs.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.